about the committee that his offer had been accepted. Clearly, it was not a notice of the company's acceptance, and was not so intended. There was nothing in the case which would have warranted a finding that there was an acceptance of the company within the understanding of any of the parties, until the afternoon of the day when the members of the board who were called together for the purpose gave their approval. This acceptance came too late; defendants' offer had then been withdrawn.

It required much ingenuity to construct from this record a dozen assignments of error. That is the number here; we have carefully examined them all, and each has been sufficiently answered in what we have said. Special separate consideration is unnecessary. The case turned upon questions of fact, and these were submitted to the jury in a very careful charge, free of all error. The assignments are overruled.

Judgment affirmed.

---

## Commonwealth v. Samuel Black Company, Appellant.

*Taxation—Mercantile tax—Corporation—Real estate broker—Acts of May* 15, 1850, *P. L. 772, June* 7, 1901, *P. L.* 534, *and April* 14, 1905, *P. L.* 161—*Constitutional law—Statutes—Amendments.*

1. Under the Act of April 14, 1905, P. L. 161, a corporation engaged in the business of a real estate broker must pay a license tax or fee to the commonwealth.

2. The Act of April 14, 1905, P. L. 161, does not violate sec. 3 of art. III of the constitution, relating to the title of statutes, nor sec. 6 of art. III of the constitution, relating to amendments.

3. The act of April 14, 1905, applies an established system of procedure to a new class of cases by a general reference to existing laws.

Argued Oct. 20, 1908. Appeal, No. 19, Oct. T., 1908, by defendant, from judgment of the Superior Court, April T., 1907, No. 103, by defendant, affirming judgment of .C. P. No. 3, Allegheny Co., Nov. T., 1906, No. 503, for plaintiff on case

stated in suit of Commonwealth v. Samuel W. Black Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from judgment of the Superior Court.

The opinion of the court of common pleas by EVANS, J., was as follows:

This case comes before the court as a case stated in the nature of a special verdict. The defendant is a corporation of the state of Pennsylvania, organized for the purpose of "carrying on the general business of real estate agent," and is doing business in the city of Pittsburg in the county of Allegheny. On April 25, 1906, the mercantile appraiser of Allegheny county rated the said defendant corporation as "real estate broker" and appraised its receipts at $32,000 per annum and assessed thereon a license tax for the year commencing June 1, 1906, of $961.50, being three per cent of said appraisement with the legal fees added. The amount of the appraisement is agreed to as correct, but the defendant disputes its liability to be rated, assessed and taxed as a real estate broker. "It is agreed that this case be decided as though it were before the court on an appeal from the rating and assessment of the mercantile appraiser; the commonwealth expressly waiving, for the purposes of this case, any appeal on the part of the defendant company from the said rating and assessment."

The Act of April 14, 1905, P. L. 161, entitled, "An act to amend an act entitled 'an act to amend the seventh section of an act, entitled "a supplement to an act, entitled 'an act to create a sinking fund and to provide for the gradual and certain extinguishment of the debt of the Commonwealth' and to authorize a loan," approved the fifteenth day of May Anno Domini, one thousand eight hundred and fifty, relieving stockbrokers, bill brokers and exchange brokers from the provisions of said act,' approved the seventh day of June, one thousand nine hundred and one, by extending the provisions of said act to all merchandise brokers and real estate brokers, whether persons, firms or corporations," after quoting the seventh

section of the Act of May 15, 1850, P. L. 772, as amended by the Act of June 7, 1901, P. L. 534, for amendment, provides: "Section 7. That hereafter all merchandise brokers and real estate brokers, whether persons, firms or corporations in each and every city and county of this commonwealth shall be required to pay annually to the use of the commonwealth for his, their or its respective commissions or licenses granted in pursuance of the several acts of assembly now in force relating to the same, upon his, their or its annual receipts from commissions, discounts, abatements, allowances, or other similar means in the transaction of said business three per centum." Prior to the passage of the act of 1905 it is admitted there was no liability on the part of a corporation engaged in business of a real estate broker to pay a license tax or fee, and unless the act of 1905 imposes that tax, the judgment in this case must be for the defendant.

The language of the act of 1850, namely, "all merchandise brokers and real estate brokers," taken by itself is unquestionably as broad as the language of the act of 1905, namely, "all merchandise brokers and real estate brokers, whether persons, firms or corporations;" but in ascertaining the question whether the act was intended to extend the class of persons required to pay a license fee or merely to change the mode of arriving at the amount of the fee, the conclusion reached by the court in the case of Commonwealth v. Trust Company, 211 Pa. 51, is the natural one, namely, that the expression "all merchandise brokers and real estate brokers" meant all merchandise brokers and real estate brokers which by existing laws were required to take out a license shall thereafter pay the fee prescribed. But a careful reading of the opinion of the court in that case is convincing that if the language of the act of 1850 had been the language of the act of 1905, the conclusion would have been different. Unquestionably, when the legislature provided that "all merchandise brokers and real estate brokers, whether persons, firms or corporations," it intended by express terms to include corporations in the class that was required to pay a license fee to do business. And this is particularly true when we consider that the act of 1905 was passed

immediately following the decision of the court in Commonwealth v. Trust Company, 211 Pa. 51. In connection with this it must be borne in mind that the act of 1905 is an amendment to the act of 1850 as amended by the act of 1901, and therefore the act of 1905 is now sec. 7 of the act of 1850; that the act of 1850 is a supplement to the Act of April 10, 1849, . P. L. 570, which was itself an amendment to the act of May 27, 1841, and therefore the act of 1850, as amended by the acts of 1901 and 1905, is incorporated into and is a part of the act of 1841.

But it is claimed by the defendant that even if the fair interpretation of the act of 1905 does include corporations doing a real estate business, the act is unconstitutional for the reason that it offends against sec. 3, art. III, and sec. 6, art. III, of the constitution of 1874. It is claimed that the title is misleading in that it is an amendment to an act to relieve stockbrokers, bill brokers and exchange brokers from the provisions of the act of 1850. By the wise provision of the constitution of 1874 all amendments to existing acts of assembly must be complete in themselves, and the act of 1901 enacts the seventh section of the act of 1850 as it is intended to be after amended by that act. Now the act of 1905 amends the provisions of the act of 1901, it does not amend its title; and when one reads the title of the act of 1905 in view of the provisions of the act of 1901, it is perfectly clear. To any man of ordinary intelligence on reading the title to the act of 1905 he will interpret it to mean an act to amend the seventh section of the act of 1850 as amended by the act of 1901; and taking that meaning of the title of the act of 1905 it is perfectly clear. Neither does it offend against sec. 6 of art. III of the constitution; and we need only cite the opinion of the Supreme Court in the case of Smith Woolen Machinery Co. v. Browne, 206 Pa. 543: "The constitutional objection that the act transgresses the prohibitions of sec. 6, art. III, cannot be sustained. Section 4 of the act provides that 'proceedings to enforce the collection of claims shall be as is now provided by law in case of mechanics' liens,' except that in certain cases publication is required in addition to posting on the premises. And this is not a violation of the

letter or spirit of that section of the constitution which has reference to express amendments only. When there is an established system of procedure in certain cases, whether it be by common law or statute or joint operation of both, a new act applying such system to a new class of cases by general reference to it, is not a violation of sec. 6, art. III, although it may operate to some extent as an extension of a previous statute;" citing In re Greenfield Avenue, 191 Pa. 290. The act of 1905 clearly applies an established system of procedure to a new class of cases by a general reference to existing laws.

We are of opinion that on the case stated judgment should be entered for the plaintiff with costs. To which conclusion defendant excepts. Exception allowed and bill sealed.

The opinion of the Superior Court was as follows:

Per Curiam. The judgment is affirmed upon the opinion of the learned judge of the common pleas.

*Error assigned* was the judgment of the Superior Court.

*Watson B. Adair,* for appellant.

*Ira J. Williams, J. M. Magee, Donald Thompson, George H. Calvert* and *M. Hampton Todd,* attorney general, for appellee, were not heard.

Per Curiam, January 4, 1909:

The judgment is affirmed on the opinions of the common pleas and Superior Court.