SMALL ET AL. *v.* JAMESON-RYAN REALTY, INC., ET AL.

[No. 195, September Term, 1963.]

508

*Decided February 10, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*James N. Phillips* and *Jerrold V. Powers,* with whom were *Sasscer, Clagett and Powers* on the brief, for the appellants.

*Seymour Friedman,* with whom was *Irving A. Levine* on the brief, for the appellees.

Prescott, J., delivered the opinion of the Court.

The trial court refused appellants' (defendants below) motion for a directed verdict; the jury rendered a verdict against them; and they appealed the judgment entered on that verdict.

The motion was based upon a claim that the plaintiff corporation, appellee here, did not hold a real estate broker's license and, therefore, it was not entitled to receive compensation as a real estate broker; and the parties agree that the case turns upon our determination as to whether said corporation did, or did not, have such a license at the time of the transactions here involved. See Code (1957), Article 56, Section 228, which prohibits recovery in cases of this nature "unless such person, copartnership, association or corporation was licensed hereunder * * *."

The pertinent facts are simple and not in dispute. They disclose that at the time of the transactions involved herein there were in existence two real estate broker's licenses, one having been issued by the Real Estate Commission of Maryland to "Wilson B. Jameson, Trading as Jameson-Ryan Realty, Inc.," and the other to "William E. Ryan, Trading as Jameson-Ryan Realty, Inc." Jameson and Ryan were both officers of the appellee-corporation, and neither held an individual broker's license in Maryland, unless the licenses just mentioned constituted individual, rather than corporate, ones. The facts further show that no license was ever issued in the sole name of "Jameson-Ryan Realty, Inc.," as it has been the consistent practice of the Real Estate Commission to issue real estate licenses to corporate brokers only in the form in which the licenses were here issued; namely to one, or more, individuals "trading as" such corporate broker.

The licensing of real estate brokers by the Real Estate Commission is controlled by Code (1957 & 1963 Cum. Supp.), Article 56, Sections 212 to 232, both inclusive. Pertinent parts of Sections 218 and 221 are set forth below.[1]

---

1. "§ 218 Partnerships, firms and corporations.

(a) *Designation of member as representative.*—Every copartnership, association or corporation applying for a real estate broker's license shall designate one of its members or one of its officers

The appellants contend that the Real Estate Commission simply failed to comply literally with the provisions of Section 218, and, since the terms thereof are unambiguous, the Commission's administrative practice in issuing corporate broker's licenses in the form described above was not controlling; hence, its action in issuing the licenses to Jameson and Ryan "trading as Jameson-Ryan Realty, Inc." was ineffective to constitute a corporate broker's license to the appellee, but merely constituted individual licenses to Jameson and Ryan. In support of this contention, they assert: "Similar statutes in New York and Pennsylvania have been held to require a real estate brok-

---

who is authorized to represent the applicant as a real estate broker, and if such member or officer is duly qualified as herein provided his name shall be inserted in the license issued to such applicant, and he shall be authorized to perform all of the functions of a real estate broker only for and on behalf of said applicant.

"(b) *Licenses for all members acting as real estate brokers.*—Each and every member or officer of a partnership, association, or corporation, who will perform or engage in any of the acts specified in § 212 (a) of this subtitle [acts of a broker], other than the designated member or officer by the partnership, association or corporation in the manner above provided, shall be required to make application for and take out a separate broker's license in his or her own name individually; provided, however, that the license issued to any such member or officer of a partnership, association, or corporation shall entitle such member or officer to act as real estate broker only as officer or agent of said partnership, association, or corportion, and not on his or her own behalf."

\* \* \*

"§ 221. Issuance of license

(a) *Duty of Commission to issue license.*—It shall be the duty of the Commission to issue licenses as real estate broker or real estate salesman to all applicants who shall be duly qualified under and who shall comply with the provisions of law and all the requirements of this subtitle and who give evidence of their intention to engage actively in business as a real estate broker or to become regularly engaged as a salesman by a licensed real estate broker.

\* \* \*

"(c) *Size and form of license.*—The Commission shall issue to each licensee a license certificate \* \* \* in such size and form as it may approve."

er's license issued to the corporation itself, as distinguished from the individuals involved," citing *Kernan & Co. v. Smith,* 210 N. Y. S. 131 (1925); *Comm. v. Samuel W. Black Co.,* 72 A. 261 (Pa. 1909); and *Comm. v. Trust Company,* 60 A. 551 (Pa. 1905). Our reading of the cases, discloses no such holding.

In *Kernan,* the Court does not hold, nor even discuss, whether a corporate broker's license *must* be issued in the name of the corporation. The case holds that when a corporate broker's license has been issued, an individual officer authorized by such license to act for the corporation, may not act, under the license, as a broker in his own behalf. (Section 218 of our law explicitly so provides.) The *Trust Company* case held that a licensed corporate broker was not liable for a tax under a Pennsylvania statute as it was then framed; and the *Black Co.* case held that such a broker was subject to taxation under the statute, as amended.

The record does not disclose which of the two licenses mentioned above was first issued, but, in the view that we take of the case, this fact is immaterial; consequently, we assume that the Jameson "Trading as Jameson-Ryan Realty, Inc." one was first in point of time.

There is no provision in Maryland law which prescribes the precise form or wording of a broker's license, whether for an individual or a corporation. On the contrary Section 221 (c), *supra,* provides that the license certificate shall be "in such * * * form as [the Commission] may approve."

We think the facts, as we have stated them above, show, in regard to the first license, at least, a substantial compliance with Section 218 (a). The corporation's application for a license is not contained in the record. It must have designated Jameson as the applicant's officer authorized to represent it as a real estate broker, otherwise his name would not have been "inserted in the license," as it actually was. Jameson must also have had the qualifications required by Section 217 (b) and (c) for a real estate broker's license, or he would not have been an officer "duly qualified" under Section 218 (a). The fact that the license was issued in the name of Jameson "trading as" the corporation, not in his individual capacity, and the practice of the Commission in issuing corporate broker's licenses in this

form manifest a clear and unmistakable purpose and intention on the part of the Commission to issue a license to the corporation, Jameson-Ryan Realty, Inc., and the actual phraseology used in the license was not, we think, such as to defeat that purpose. We, therefore, hold that the first license issued was a corporate broker's license to said corporation, and as the parties agree that this is determinative of the case, the

*Judgment is affirmed, with costs.*